Leroy COOK, Appellant,

v.

V. Lee BOUNDS, Com. Dept. Corrections, et al., Appellees.

No. 74–1083.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1975.

Decided June 25, 1975.

Stanley Goumas (Third-year law student) (Evelyn Bracy, Durham, N. C., [Court-assigned counsel], and Deb. Stuart [Third-year law student] on brief), for appellant.

Jacob L. Safron, Asst. Atty. Gen. (Rufus L. Edmisten, Atty. Gen., Alan S. Hirsch, Associate Atty. Gen., on brief), for appellees.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

FIELD, Circuit Judge:

Leroy Cook, a life term prisoner, was confined in Craggy Prison Unit, Asheville, North Carolina, and on January 2, 1973, joined twelve other prisoners in a jail break. During the course of their escape the prisoners held the guards at gunpoint and robbed the prison canteen of several hundred dollars in cash as well as merchandise. The plaintiff was recaptured and returned to the Craggy Prison Unit on January 4, 1973, where he was placed in maximum security. In March of 1973 Cook filed a *pro se* complaint in the district court against the three defendants who were officials of the North Carolina Department of Corrections which the court treated as a complaint under 42 U.S.C. § 1983. Cook sought injunctive and declaratory relief with respect to the conditions of his confinement as well as pecuniary damages in the amount of $40,000.00. The gravamen of Cook's charges were (1) lack of adequate medical treatment, (2) interference with his right of access to the courts, (3) improper food and living conditions, and (4) the taking of his property ($7.20) without due process of law.

The defendants filed a motion for summary judgment, and upon consideration of the affidavits, prison regulations and medical records, the district court granted the motion with respect to Cook's claim of inadequate medical treatment. However, the court denied the motion with respect to Cook's other claims and scheduled the case for trial. Prior to trial Cook filed a motion seeking the appointment of counsel to represent him as well as an order to secure the attendance of certain fellow prisoners at his trial. The court denied both of these motions, empaneled an advisory jury pursuant to Rule 39(c), Fed.R.Civ.P., and

proceeded to trial. During the course of the trial the district court extended Cook considerable latitude in questioning witnesses as well as making statements on his own behalf to the court and jury. The court also permitted him to offer a fellow prisoner, Grover Norman, who corroborated Cook's testimony relative to the conditions of his confinement. Additionally, Cook was allowed to offer the affidavit of another prisoner who was not present to testify in person. The witnesses offered on behalf of the defendants contradicted the testimony of Cook and his witnesses in every respect. Specific interrogatories were submitted to the jury which resolved this sharp evidentiary dispute against Cook on all of his allegations, and thereafter the court entered a memorandum and order in which it made detailed factual findings and, upon its conclusion that none of the plaintiff's civil rights had been violated by the defendants, entered judgment in their favor.

Upon this appeal, Cook contends that the district court abused its discretion in denying his request for an appointed attorney pursuant to 28 U.S.C. § 1915(d) and in denying his request for witnesses. In regard to the first point it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases, *United States v. Madden,* 352 F.2d 792 (9 Cir. 1965), and we agree with the district judge that in this case no such circumstances are present. In regard to Cook's request for witnesses, the district court advised him that it was necessary that he demonstrate to the court the nature and materiality of the testimony. When Cook failed to do so, the court properly declined to order such witnesses to appear at the trial.[1]

Our review of the record indicates that the district judge took all reasonable

---

1. It is interesting to note that ten of the witnesses sought by Cook had participated in the escape, and at the time of Cook's motion had been transferred to Central Prison in Raleigh, North Carolina. In view of the generalized nature of Cook's request, it was assuredly no abuse of discretion for the district judge to refuse to grant these dangerous criminals a junket from Raleigh to Asheville.

steps to assure that Cook's claims were fairly presented and considered by the court and jury, and since his findings of fact are clearly supported by the evidence, the judgment is affirmed.

Affirmed.