Thomas OWENS # 116087, Plaintiff,

v.

SWIFT AGRICULTURAL AND CHEMICAL CORPORATION, Defendant.

Civ. A. No. 79–815–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Sept. 12, 1979.

Thomas Owens, pro se.

Swift Agricultural and Chemical Corp., pro se.

## MEMORANDUM ORDER

CLARKE, District Judge.

Plaintiff, an inmate at Deerfield Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 in the Alexandria Division of this Court seeking recovery from Swift Agricultural and Chemical Corporation (Swift), a private corporation. At the request of plaintiff, the case was transferred to the Norfolk Division. At the same time, the defendant was ordered to respond.

The § 1983 Complaint form, a form made available to all state prisoners, was utilized by the plaintiff and refers to attachments for plaintiff's statement of his claim. The attachments are labeled: Motion to Proceed in Forma Pauperis (Declaratory Judgment), Motion to Probe and Review, Declaratory Judgment, and Motion to Award Retroactive Monies (Workmen's Compensation). A later pleading was filed containing the following captions: A Multiple Motion, Motion for Change of Venue, Motion for Fast and Speedy Trial and Motion Amend Relief. A third set of pleadings has been received from the plaintiff entitled Appointment of Counsel, and An Appeal.

The plaintiff complains in his original pleadings that he was an employee of Swift on March 15, 1978, and that he was injured while unloading 50 and 100 pound bags of fertilizer from trucks. Plaintiff further contends that he reported his injury to his foreman and that the foreman instructed him to go back to work and that the foreman failed to report the injury to the employer on the day it occurred. The plaintiff contends that the action of the foreman constitutes negligence and he seeks recovery from the defendant for such negligence.

The plaintiff next claims that he was injured on April 15, 1978, from which injuries he is still suffering. He further contends that he was awarded workmen's compensation benefits as a result of the injury but that, without notice or explanation to him, the payment of compensation benefits ceased. He seeks a retroactive award of compensation benefits—presumably from the date payments ceased to the present time. His subsequent pleadings are in furtherance of his original pleadings with the exception of his request for appointment of counsel.

42 U.S.C. § 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to recover under this section, the plaintiff must establish that the actions of the defendant of which he complains were committed under color of state law and constituted a deprivation of his constitutional rights.

In *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492, Mr. Justice Douglas, speaking for the Court, quoted with approval the classic language of Mr. Justice (later Chief Justice) Stone from *United States v. Classic*, 313 U.S. 299, 327, 61 S.Ct. 1031, 85 L.Ed. 1368:

Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law.

There is no contention in plaintiff's Complaint that, although a state prisoner at the time of filing, he was a prisoner at the time of his two alleged injuries while working for Swift. In giving a liberal construction to the Complaint, as this Court must, and in giving the plaintiff the benefit of the most favorable case he could plead by amending, the Court will assume that the plaintiff was a state prisoner and was on work release at the time of his injuries.

Section 53–38 of the 1950 Code of Virginia, as amended, creates Virginia's prisoner work release program. This section provides that the state may place trustworthy prisoners who have special trades or occupa-

tions or who might benefit by training for employment in a private business. The prisoner must go directly from the institution where he is confined to his place of work and must directly return upon completion of his workday. He is still considered to be in custody while at work. The Director of the Department of Corrections arranges the hours of employment and the wages to be paid with the private industry. The Director also arranges for the rate of pay but the compensation paid shall be the same as paid to regular employees in similar occupations. The wages earned shall be paid to the director who must deduct a sum sufficient to help defray the cost of the convict's keep and his share of the cost of administering the program and shall credit the balance to the prisoner's account or send it to prisoner's family if he so chooses. There are other provisions for disbursement of the wages earned if the convict was sentenced for non-support or if his family is on welfare.

There is nothing in the Virginia law to indicate that once the convict has started his day's work that he is controlled in his activities other than by his employer. His pay is the same as other employees doing like work and was obviously afforded the benefits of the Virginia Workmen's Compensation law as is the case of other employees.

■ Addressing first plaintiff's contention that the defendant must respond in this Court in damages because of the failure of its foreman to report the alleged March 15, 1978, injury, the Court finds no state action and no claim of constitutional dimensions such as would make applicable 42 U.S.C. § 1983 and such as would invoke the jurisdiction of this Court. As the Fourth Circuit pointed out in *Street v. Surdyka*, 492 F.2d 368 (1974), section 1983 does not provide a remedy for common law torts. This Court knows of no constitutional principle involved in the failure of a foreman to report an injury to one of his crew members to someone higher up in the chain of command of the employer. Plaintiff's remedy, if any he is entitled to, was before the Industrial Commission of Virginia. *See* Section 65.1–29 and Section 65.1–40 of the 1950 Code of Virginia, as amended.

■ Addressing now plaintiff's contention that he is entitled to invoke the jurisdiction of this Court in seeking further payments of workmen's compensation, this Court again finds no state action and no claim of constitutional dimensions. The gravamen of the plaintiff's Complaint is not the failure of any state official but rather the complaint is that his private industry employer or its workmen's compensation carrier did not properly fulfill its obligations under the Virginia Workmen's Compensation law. The Virginia Workmen's Compensation law (§ 65.1–1 of the 1950 Code of Virginia, as amended, et seq.) provides for the payment of workmen's compensation for injuries sustained on the job by employees. This obligation was obviously at least partially met by Swift or its compensation carrier because workmen's compensation was paid following the injury of April 15, 1978. As provided in Section 65.1–40 of the 1950 Code of Virginia, as amended, the rights of an employee to workmen's compensation are exclusive of all other rights arising from his job injury.

■ Counsel are to be appointed in § 1983 cases at the discretion of the court and is warranted only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Court finds no such circumstances in this case.

In summary, the Court finds that after reporting to work on a workday the plaintiff came under the control of his private industry employer, the defendant Swift, and that during the course of his workday, there was no state action involvement in connection with his duties assigned or any injuries received in the course of his employment. Furthermore, the Court finds no constitutional involvement of plaintiff's rights in connection with a dispute with his foreman over reporting an accident or a dispute with his employer (or its insurer) over entitlement to workmen's compensation.

For the foregoing reasons, this action is DISMISSED.

Should plaintiff desire to appeal the judgment of this Court, written notice of appeal must be filed with the Clerk of this Court, Post Office Box 1318, Norfolk, Virginia, 23501, within thirty (30) days of the date of this Order.