809 F.2d 785
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Tyrone PRESTON, Plaintiff-Appellant,
v.
D.E. HORTON; A.R. Gregory, Defendants-Appellees,
 No. 86-6730.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1986.
Decided Jan. 8, 1987.
 
 Before PHILLIPS and ERVIN, Circuit Judges and BUTZNER, Senior Circuit Judge.
 Tyrone Preston, appellant pro se.
 Richard Francis Gorman, III, Office of the Attorney General of Virginia, for appellees.
 PER CURIAM:
 
 
 1
 Tyrone Preston filed this 42 U.S.C. Sec. 1983 suit alleging that Horton, a Corrections Officer, sexually assaulted him during a search. Preston was exiting the dining hall, and Horton conducted a shakedown, a procedure that all prisoners submitted to before leaving the dining hall. Preston alleged that Horton grabbed his groin and would not let go. In addition, Preston alleged that Gregory, another Corrections Officer, stood by during the assault and refused to intervene. Preston alleged that he suffered physical and mental distress due to the assault.
 
 
 2
 Initially, Preston complains that counsel should have been appointed below so his claim could have been properly litigated. Counsel need not be appointed in Sec. 1983 cases unless the case presents "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984); Cook v. Bounds, 518 F.2d 779 (4th Cir.1975). This case presented a straightforward factual question. The pro se litigant was sufficiently skilled that he, with the assistance of the magistrate, managed to present his evidence and question witnesses in a coherent manner. The case presents no exceptional circumstances. We find no abuse of discretion in the failure to appoint counsel. Cook v. Bounds, supra, at 780.
 
 
 3
 At the close of all the evidence, the magistrate entered judgment for the defendants. Unjustified infliction of physical harm states a claim under Sec. 1983. King v. Blankenship, 636 F.2d 70, 72 (4th Cir.1980); Kidd v. O'Neil, 774 F.2d 1252 (4th Cir.1985). The magistrate concluded that any touching by Officer Horton was accidental, and that even if any injury occurred, it was a result of the exercise of a justifiable degree of force necessary to properly perform the search. Finding no error in the magistrate's conclusions, we affirm. Because the dispositive issues have recently been authoritatively decided, we dispense with oral argument.
 
 
 4
 AFFIRMED.