846 F.2d 71
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George T. HARDY, Jr., Plaintiff-Appellant,
v.
R.C. HAMILTON, Sgt., Sgt. Wike, A.F. Green, Lt., Frank Omby,
Pamela Theresa Bowles, W.P. Rogers, Robert Landon,
William P. Welch, Dr., Miles Price,
Defendants-Appellees.
 No. 87-7171.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 29, 1988.
Decided April 12, 1988.
 
 George T. Hardy, Jr., appellant pro se.
 Eric Karl Gould Fiske, Office of Attorney General of Virginia, for appellees Hamilton, Wike, Green, Omby, Rogers, Landon, and Welch.
 Joseph Patrick McMenamin, McGuire, Woods, Battle & Boothe, for appellees Bowles and Price.
 Before MURNAGHAN, ERVIN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 George T. Hardy, a Virginia prisoner, filed this pro se complaint under 42 U.S.C. Sec. 1983 (1982) alleging that defendants were deliberately indifferent to his serious medical need and denied him treatment for a broken arm. At the close of plaintiff's case, the district court directed a verdict for defendants after determining that defendants were not deliberately indifferent to plaintiff's medical needs. Hardy appeals; we affirm.
 
 
 2
 On appeal, Hardy, who is proceeding in forma pauperis, has requested preparation of a trial transcript. To qualify for preparation of a transcript at government expense, a litigant must establish that his appeal presents a substantial question. 28 U.S.C. Sec. 753(f). Hardy contends on appeal that the district court erred in granting a directed verdict in favor of defendants, in denying his request for appointment of counsel, and in denying his motion to disqualify defendants' counsel.
 
 
 3
 The proper standard of appellate review of a directed verdict is whether "there are no controverted issues of fact upon which reasonable men could differ." Walker Mfg. Co. v. Dickerson, Inc., 560 F.2d 1184, 1188 (4th Cir.1977) (quoting Proctor v. Colonial Refrigerated Transportation, Inc., 494 F.2d 89, 93 (4th Cir.1974)). Under this standard and upon consideration of the record presently before the Court and the parties' submissions on appeal, we are unable to find that Hardy has presented a substantial question. To the contrary, the materials before the Court suggest that the district court correctly found the evidence insufficient to establish the requisite deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).
 
 
 4
 Nor do we find any abuse of discretion in the district court's denial of Hardy's motion for appointment of counsel. We agree with the district court that the case was not sufficiently complex to warrant the appointment of counsel. Cook v. Bounds, 518 F.2d 779 (4th Cir.1975). Finally, we find no error in the district court's refusal to disqualify defendants' counsel. Hardy has not directed our attention to any evidence of an actual conflict of interest on the part of defendants' counsel.
 
 
 5
 We deny Hardy the preparation of a transcript at government expense because we do not find that this appeal presents a substantial question. See 28 U.S.C. Sec. 753(f). We affirm the judgment of the district court and dispense with oral argument because the facts and legal issues are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process.
 
 
 6
 AFFIRMED.