927 F.2d 596
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charlie Wade POWELL, Plaintiff-Appellant,
v.
Richard C. ERWIN, Danny T. Ferguson, Larry Burgess, John W.
Stone, J.W. Pegram, S.K. Hall, Captain Heaster, Sargeant
Rachal, Sargeant Pittman, Dr. Joyner, H. West, Dr. Perry,
Dr. Cassidy, Dr. Bailey, Nurse Cheryl, Nurse Smith,
Defendants-Appellees.
 No. 90-6147.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 8, 1990.
Decided Feb. 25, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CA-90-171-6)
 Charlie Wade Powell, appellant pro se.
 M.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WILKINS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Charlie Wade Powell, a federal prisoner proceeding pro se, was convicted by a jury of drug offenses and sentenced to a total of 246 months imprisonment. Powell's direct appeal of those convictions is currently pending before this Court. Pending that appeal, Powell filed a "Complaint under Civil Rights Act and Federal Constitution" in which he alleged that his constitutional rights were violated by a conspiracy among the trial judge, the defense and prosecuting attorneys, and various law enforcement officers. Powell also alleged deliberate indifference to his serious medical needs and that he was involuntarily medicated. The district court adopted the magistrate's report and recommendation and dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d). We affirm in part and vacate and remand in part.
 
 
 2
 Since most of Powell's allegations attack his trial and convictions and his criminal appeal is still pending, those claims are not yet cognizable.*
 
 
 3
 Powell's medical claims remain. He alleges that he spent 30 days in segregation "without medication," in pain, and in need of medical treatment at the federal correctional institution in Talladega, Alabama. That claim is alleged against West and a "John Doe." Powell also complains that he was involuntarily given an injection by "John Doe" when he arrived at Butner which caused him "massive burning and vicious painful infectious disease attacks daily." Powell continues that he suffers "life threatening personal injuries and daily pain, in the absence of all necessary and vital medical care." In his exceptions to the magistrate's report, Powell asserts that he has been denied medical treatment for physical injuries. The district court acknowledged the existence of these medical claims, but did not address them in any fashion.
 
 
 4
 Deliberate indifference to serious medical needs of prisoners constitutes "unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Courts rely on medical testimony and documents in determining seriousness of medical need. West v. Keve, 571 F.2d 158 (3d Cir.1978). In addition, the Supreme Court has held that an inmate has a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 58 U.S.L.W. 4249, 4254 (U.S. Feb. 27, 1990) (No. 88-599).
 
 
 5
 A pro se complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) if there is no factual or legal basis for the complaint. Neitzke v. Williams, 490 U.S. 319 (1989); White v. White, 886 F.2d 721, 723 (4th Cir.1989). But allegations, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence, unless it is "beyond doubt" that petitioner could prove no set of facts entitling him to relief. Cruz v. Beto, 405 U.S. 319 (1972). If a pro se complaint contains a potentially cognizable claim, the plaintiff should be allowed to particularize his claim. Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir.1965), cert. denied, 385 U.S. 905 (1966).
 
 
 6
 Powell's claim of deliberate indifference to his serious medical needs and his claim that he was involuntarily given an injection of some sort may have an arguable basis in law and fact. Thus, dismissal of those claims as frivolous under 28 U.S.C. Sec. 1915(d) was inappropriate. We therefore vacate and remand the district court's dismissal of those claims as frivolous under 1915(d). We affirm the court's dismissal of Powell's other claims. We also deny Powell's motion for appointment of counsel. See Cook v. Bounds, 518 F.2d 779 (4th Cir.1975). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 In addition, the district court judge enjoys absolute immunity in a 42 U.S.C. Sec. 1983 action since Powell has not alleged any judicial acts done "in clear absence of all jurisdiction." See Stump v. Sparkman, 435 U.S. 349 (1978). The prosecutor also is absolutely immune from a civil suit for damages under Sec. 1983 for alleged deprivations of Powell's constitutional rights since he acted within the scope of his duties in initiating and pursuing a criminal prosecution. See Imbler v. Pachtman, 424 U.S. 409 (1976)