958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gregory MARSHALL, Plaintiff-Appellant,
v.
Karen WOULDRIDGE; John WOULDRIDGE, Lieutenant; H. FELIPA,
Officer, CO II; C. L. DAREN, Officer, CO II; James ROLLINS,
Warden; Fred E. JORDAN, JR., Commissioner of Correction; R.
NORMAN, Officer, CO II; A. NEAL, Officer, CO II; Sergeant
HENDRICKS, Defendants-Appellees.
 No. 91-7063.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 4, 1991
Decided: March 27, 1992
 
 1
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-90-276-JFM)
 
 
 2
 Argued: Seth Kirshenberg, Student Attorney, Washington College of Law, THE AMERICAN UNIVERSITY, Washington, D.C., for Appellant.
 
 
 3
 Lucy Adams Cardwell, Assistant Attorney General, Baltimore, Maryland, for Appellees.
 
 
 4
 On Brief: Jennifer Page Lyman, Washington College of Law, THE AMERICAN UNIVERSITY, Washington, D.C., for Appellant.
 
 
 5
 J. Joseph Curran, Jr., Attorney General of Maryland, Baltimore, Maryland, for Appellees.
 
 
 6
 D.Md.
 
 
 7
 Amended by order filed April 27, 1992 Before WIDENER and WILKINSON, Circuit Judges, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 
 OPINION
 SHEDD, District Judge:
 
 8
 Appellant, Gregory Marshall, a prisoner pro se litigant in this Section 1983 action, appeals from the district court's order denying his motions for appointment of counsel and granting summary judgment to the defendants. We conclude that the district court did not abuse its discretion when it refused to appoint counsel for Marshall. Further, we determine that summary judgment was properly granted to the defendants. Therefore, we affirm.
 
 I.
 
 9
 Marshall filed an action pursuant to 42 U.S.C. § 1983 against various prison authorities alleging that he was assaulted on two occasions by correctional officers. Marshall also alleges that one of the officers threw chemicals in his eyes. Marshall contends that he was assaulted by the correctional officers because he wrote personal and offensive letters to his case worker, who was the wife of a correctional officer. The defendants admit that Marshall was involved in two altercations with correctional officers but contend that Marshall initiated both altercations and that the correctional officers used only the force reasonably necessary to subdue Marshall.
 
 
 10
 After the time period for discovery had elapsed under the district court's scheduling order, the defendants filed a motion for summary judgment. The motion for summary judgment was supported by affidavits and documents which established the following. On November 2, 1989, two officers were escorting Marshall to a hearing room where he was to appear for charges of writing inappropriate letters to his case worker. In route, Marshall kicked one of the officers in the thigh and resisted the officers' efforts to transport him to the hearing. Marshall sustained a bruise over his eye from the scuffle. On November 23, 1989, Marshall consulted a doctor complaining that a correctional officer threw orange powder in his eyes. However, the doctor saw no signs of burns in the Marshall's eyes. Marshall failed to keep a follow-up appointment with the ophthalmology clinic. On January 4, 1990, Marshall was being escorted to his cell and when correctional officers released Marshall from handcuffs, Marshall pulled a weapon on an officer. The weapon was forcefully removed from Marshall.
 
 
 11
 After receiving the motion for summary judgment, the district court sent Marshall a Roseboro[1] notice informing Marshall of the obligations under Rule 56, Fed. R. Civ. P. The notice also cautioned Marshall that if he failed to respond to the motion or if the response failed to demonstrate a genuine issue of material fact, then the case might be dismissed.[2] Marshall did not file a response in opposition to the motion for summary judgment. Rather, he renewed an earlier request for appointment of counsel by filing a motion stating that he was indigent and needed assistance in responding to the motion for summary judgment. Marshall subsequently filed two additional motions requesting appointment of counsel. The lower court did not rule on the motions for appointment of counsel until after the time period for responding to the summary judgment motion expired.
 
 
 12
 The district court granted summary judgment to the defendant and in the same order denied Marshall's request for counsel. This was the first written notice that Marshall received informing him that the request for counsel was denied.
 
 II.
 
 13
 On appeal, Marshall raises three issues. Marshall argues that the district court abused its discretion by denying Marshall's request for appointment of counsel. Marshall also contends the trial court abused its discretion by ruling on his motion for appointment after the time period for responding to the summary judgment motion expired. Marshall further asserts that the district court erred when it granted summary judgment to the defendants because Marshall's Complaint alleges a colorable claim under Section 1983.
 
 A.
 
 14
 The district court's decision to appoint counsel to a pro se litigant pursuant to 42 U.S.C. § 1915(d) is discretionary. The court's refusal to appoint counsel may be an abuse of discretion only in exceptional circumstances. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The question of whether exceptional circumstances exist in any particular case hinges on characteristics of the claim and the litigant. Where it is apparent that the pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him. Whisenant, 739 F.2d at 163.
 
 
 15
 The court below concluded that the nature of this action did not require the appointment of counsel. We agree. In this action, Marshall demonstrated the ability to exhaust available administrative remedies, file a complaint, supplement the complaint, serve discovery, file a motion for default and a motion to compel as well as supporting affidavits. Marshall clearly has the capacity to respond to notices of the court.
 
 
 16
 Further, the nature of this Section 1983 action is not so complicated that a pro se litigant would be unable to pursue it. The legal standard was plainly set forth in the defendants' memorandum in support of the motion for summary judgment. See Whitley v. Albers, 475 U.S. 312 (1986).[3] The defendants argued in their motion for summary judgment that the correctional officers used only the amount of force reasonably necessary to subdue Marshall and the injuries sustained by Marshall on each occasion were minimal. Marshall was capable of presenting facts through affidavits or other documents to contradict the defendants' motion.
 
 B.
 
 17
 Plaintiff further argues that the district court abused its discretion when it ruled on Marshall's motion for appointment of counsel in the same order that granted the defendants summary judgment. We disagree.
 
 
 18
 Marshall was given written notice that if he did not respond to the motion for summary judgment, or if the response did not create a genuine issue of material fact, then summary judgment might be entered against him. This notice was sent to Marshall when there was a motion for appointment of counsel pending before the court. The fact that Marshall received this notice was clear indication that the court would not appoint counsel to Marshall to assist him in responding to the summary judgment motion. Marshall could not avoid his obligation to present facts to the court in response to the summary judgment motion by repeatedly requesting assistance of counsel. While courts are instructed to be solicitous of pro se civil rights litigants, we believe that the district court fulfilled its obligation by sending Marshall clear notice of the requirements and possible consequences of Rule 56, Fed. R. Civ. P. See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).
 
 
 19
 We hold that the district court did not abuse its discretion when it denied Marshall's request for appointment of counsel after the time period for responding to a motion for summary judgment had expired.
 
 C.
 
 20
 Marshall also argues that the district court erred by granting summary judgment to the defendant because Marshall alleged a colorable claim under 42 U.S.C. § 1983 in his complaint. However, under Rule 56(e), Fed. R. Civ. P., a party may not rest upon the mere allegations in his pleadings in response to a motion for summary judgment. Once the party moving for summary judgment has met the initial burden of pointing to the absence of a genuine issue of material fact, the burden shifts to the non-moving party, here the plaintiff Marshall, to come forward with facts sufficient to create a triable issue of fact, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); White v. Rockingham Radiologists, Ltd., 820 F.2d 98, 101 (4th Cir. 1987).
 
 
 21
 To prove a claim of excessive force, a prisoner must establish an unnecessary and wanton infliction of pain. Whitley v. Albers, 475 U.S. 312, 318 (1986). The defendants filed a motion for summary judgment, properly supported by affidavits and other documents showing that the force used against Marshall was reasonable and necessary under the circumstances. It was uncontradicted that Marshall resisted the defendants' efforts to transport him to the hearing room on November 2, 1989. Marshall only sustained a bruise over his right eye and other superficial injuries. There was no evidence that Marshall suffered any injuries from the alleged November 23, 1989 incident. Marshall also admitted that he pulled a weapon on the correctional officers on January 4, 1990. (J.A. at 13; S.A. at 42-43). From the record before the district court, the injuries that Marshall sustained from this incident were clearly justified in light of the perceived threat that he posed to the correctional officers.
 
 
 22
 In response to this motion, Marshall was obligated to come forward with facts in the record to show that a genuine issue existed with regard to the necessity for the use of force and the reasonableness of the amount of force used. Mere allegations in an unverified complaint are insufficient to create a genuine issue of material fact, Rule 56(e), Fed. R. Civ. P. Marshall did not come forward with facts demonstrating a genuine issue of material fact.
 
 
 23
 From the uncontroverted facts presented to the lower court, no reasonable jury could conclude that the defendants used excessive force in violation Marshall's Eighth Amendment right to be free from cruel and unusual punishment. Therefore, summary judgment was properly entered in favor of the defendants.
 
 CONCLUSION
 
 24
 Accordingly, we conclude that the district court did not abuse its discretion by denying Marshall's request for appointment of counsel and issuing this ruling after the time period for responding to the summary judgment motion expired. We further affirm the district court's order granting summary judgment to the defendants.
 
 AFFIRMED
 
 
 [1]
 In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1979), this Court held that before summary judgment can be entered against a pro se litigant, the district court must provide the litigant with fair notice of the summary judgment rule and alert the litigant to the fact that failure to respond to the motion could result in summary judgment being granted against him
 
 
 [2]
 The notice states in pertinent part:
 The motion [for summary judgment] and supporting papers assert certain facts and matters to be true. Under the Federal Rules of Civil
 Procedure ..., you are entitled to file, in opposition to said motion, any relevant materials, including affidavits or statements under oath/affirmation and subject to the penalties of perjury, admitting, contradicting, or explaining the facts and matters asserted in the motion. Copies of all such materials filed in this Court must be sent
 TO OPPOSING COUNSEL BY YOU and you should include a
 Certificate of Service to that effect in your response.
 If you do not file a timely and appropriate written response, or such a response fails to show that there is a genuine dispute of material fact, your case may be dismissed or summary judgment entered against you without further notice.
 This Court's Local Rule 105.2.a provides fourteen (14) days in which to file an opposition to motions. Rule 6(e) of the Federal
 Rules of Civil Procedure allows three (3) additional days after service by mail. Accordingly, you have seventeen (17) days from the date of this letter to file any relevant opposing materials.
 (J.A. at 86).
 
 
 [3]
 In Whitley v. Albers, the Supreme Court set forth 6 factors to be used in determining the reasonableness of the amount of force used: (1) the need for force; (2) the relationship between the need and the amount of force actually used; (3) the extent of the injury; (4) the purpose, i.e. was there a good faith effort to maintain or restore discipline, or was the force applied with malicious and sadistic intent to cause harm; (5) the defendant's reasonable perception of the extent of the threat; and (6) efforts to temper the severity of the response. These factors were listed in the defendant's motion for summary judgment. (J.A. at 57)