**Clarence BUNDRICK, Plaintiff,**

v.

**Bruce HAMMOND, R.N., J. Long, and Nfn Bowman, Defendants.**

**Civ. A. No. 92–398–RRM.**

United States District Court,
D. Delaware.

April 7, 1993.

Clarence Bundrick, pro se plaintiff.

Michael I. Silverman, Tybout, Redfearn & Pell, Wilmington, DE, for defendants.

## MEMORANDUM OPINION

McKELVIE, District Judge.

This is a civil rights case. The plaintiff is a state prisoner incarcerated at the Multipurpose Criminal Justice Facility ("Gander Hill") in Wilmington, Delaware. In his complaint, the plaintiff, who suffers from various physical ailments, alleges that the defendants violated his constitutional rights by failing to promptly provide him with certain medications. He also alleges the defendants violated his constitutional rights by refusing to provide him with an aluminum walker. The defendants are nurses at Gander Hill. The plaintiff seeks punitive damages and a Court order directing the defendants to provide the plaintiff with a walker.

The plaintiff has moved for the appointment of counsel. The defendants have moved to dismiss the plaintiff's complaint. As the defendants have submitted matters outside the pleadings in support of their motion, the Court will treat the motion as a motion for summary judgment. This is the Court's decision on the motions.

## I. FACTUAL BACKGROUND

The plaintiff suffers from gout, diabetes, ulcers, arthritis, and heart problems. The plaintiff is also severely overweight. When he leaves his cell, the plaintiff must use a wheelchair to get around. Because of his health problems, the plaintiff has prescriptions for numerous medications including allopurinol, zantac, nalfon, lasix, lopressor, potassium chloride, isordil, capoten, HCTZ, insulin, erythromycin, motrin, and maalox.

In his complaint, the plaintiff alleges that the defendants were deliberately indifferent to his medical needs by failing to promptly provide him with various prescribed medications. Specifically, the plaintiff alleges he was denied the following medications during the following time periods:

1. 5/16/92 to 5/27/92 50 mg. of lopressor
2. 5/16/92 to 6/27/92 80 mg. of lasix
3. 5/16/92 to 6/11/92 300 mg. of fenoprofen (nalfon)
4. 5/16/92 to 6/22/92 150 mg. of zantac

5. 6/11/92 to 6/23/92 100 mg. of allopurinal

6. 6/17/92 to 6/23/92 10 mg. of potassium

7. 6/11/92 to 6/23/92 300 mg. of fenoprofen (nalfon)

The plaintiff also alleges that the defendants violated his constitutional rights by denying him the use of a walker.

## II. DISCUSSION

### A. Appointment of Counsel

■ On August 12, 1992, the plaintiff filed a Motion for Appointment of Counsel. D.I. 5. In *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), the Supreme Court held that under 28 U.S.C. § 1915(d) a federal district court is not authorized to require mandatory appointments of counsel for indigent persons. While a Court is free to request that an attorney represent an indigent person under § 1915(d) in light of 42 U.S.C. § 1988, counsel should be requested by this Court only in exceptional cases. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir.1975). Counsel should be appointed only where the plaintiff demonstrates a likelihood of substantial prejudice to him resulting from, for example, his inability without the assistance of counsel to present the facts and legal issues to the court in a complex but arguably meritorious case. *Smith–Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir.1984).

Having reviewed the plaintiff's complaint and other papers filed by the plaintiff and the defendant in this case, the Court finds that no complex legal or factual issues exist to warrant the appointment of counsel.

### B. Inadequate Medical Care

■ In order to state a claim for inadequate medical care, a prisoner must allege acts or omissions by the defendants that are sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). To show deliberate indifference, a prisoner must allege either reckless disregard of or actual intent to disregard his medical condition.

*Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

### 1. Delay in Receiving Medication

■ For the following reasons the Court finds that the plaintiff has not satisfied the aforementioned standard with regard to his claim that the defendants have not been prompt in providing him with certain medications.

First, the plaintiff merely offers the conclusory allegation that the defendants were deliberately indifferent to his medical needs. He has not identified any specific facts or circumstances demonstrating the defendants' alleged deliberate indifference. The plaintiff's medical records establish that the plaintiff had an adequate supply of allopurinol and nalfon during the time of the deprivation alleged in the complaint. *See* D.I. 10, at A25–26. Further, in affidavits accompanying their motion to dismiss, the defendants have established that the plaintiff's lack of other medications during the relevant time periods resulted, at least in part, from his failure to make prompt requests for additional medication. *See* Affidavits of Florence Bowman, Jean Long, and Bruce Hammond, D.I. 10, ¶¶ 7–9 at A2, ¶¶ 7–9 at A4, ¶¶ 7–9 at A6. Most of the medications for which the plaintiff has a prescription are provided to him in a thirty-day supply. Prior to the end of that period, it is the plaintiff's responsibility to submit a request for an additional thirty-day supply of medication. It appears that the plaintiff went without certain medications because he failed to submit a request for an additional supply of medication until after his current supply had run out. On the few occasions when the plaintiff did not have medication for which he had a valid prescription, the defendants obtained the additional medication for the plaintiff as soon as possible and provided the plaintiff with stock medication in the interim. *See* Affidavits of Florence Bowman, Jean Long, and Bruce Hammond, D.I. 10, ¶¶ 10–11 at A2, ¶¶ 10–11 at A4, ¶¶ 10–11 at A6. These uncontradicted facts preclude a finding that the defendants were deliberately indifferent to the plaintiff's medical needs.

■ Second, the plaintiff has not alleged that he has been continually deprived of his medication. The occasional unavailability of medication does not rise to the level of a constitutional violation. *See, e.g., Lusero v. Rowland,* 967 F.2d 588 (9th Cir.1992) (text in Westlaw); *Miller v. Robinson,* 802 F.Supp. 1126 (D.Del.1992).

### 2. Plaintiff's Request for a Walker

■ The plaintiff has also not satisfied the deliberate indifference standard with regard to his claim that the defendants violated his constitutional rights by denying him the use of a walker. First, for security reasons, walkers are not provided to inmates and it is not within the power of any of the medical defendants to grant or deny the plaintiff's request for a walker. *See* Affidavits of Florence Bowman, Jean Long, and Bruce Hammond, D.I. 10, ¶ 5 at A1, ¶ 5 at A3, ¶ 5 at A5. Second, the plaintiff has not identified any facts or circumstances demonstrating that by allegedly denying the plaintiff a walker the defendants were deliberately indifferent to the plaintiff's medical needs. It is the defendants' medical judgment that the plaintiff's wheelchair may be used effectively as a walker.

The Court will enter an Order in accordance with this Opinion.