52 F.3d 320
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Arthur Peyton BROCK, Plaintiff-Appellant,
v.
CITY OF RICHMOND; Deputy Bibbs, Defendants-Appellees,
and Andrew J. WINSTON, Defendant.
 No. 94-6392.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 29, 1994.
Decided April 20, 1995.
 
 Arthur Peyton Brock, Appellant Pro Se.
 William Joe Hoppe, Senior Assistant City Attorney, Richmond, Virginia; John Adrian Gibney, Jr., SHUFORD, RUBIN & GIBNEY, Richmond, Virginia, for Appellees.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Anthony Peyton Brock appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. Our review of the record discloses that this appeal is without merit. Accordingly, we affirm.
 
 
 2
 Brock was twice violently assaulted by fellow inmates while incarcerated in the Richmond City Jail. In his Sec. 1983 action, Brock charged that the City of Richmond caused the first assault, by disregarding a known danger of severe overcrowding. Brock claimed that he suffered his second beating after Deputy Bibbs transferred him to a new housing unit, despite Brock's warnings to Bibbs that he had enemies on that unit. Both defendants denied knowledge of any threat to Brock's safety.
 
 
 3
 In ruling for the City of Richmond, the magistrate judge found that Brock failed to present any evidence establishing the Richmond City Jail was overcrowded at the time of his first assault.* Although Brock appeals the judgment in favor of the City of Richmond, he has not provided any grounds for assigning error to the district court. Without evidence of overcrowding, Brock's claim against the City of Richmond fails.
 
 
 4
 Brock's case against Deputy Bibbs rested on the testimony of Brock and a fellow prisoner, both of whom testified at trial that Brock warned Bibbs not to transfer him to the new unit. Deputy Bibbs and a prison guard both denied that Brock had voiced any concern for his safety. The defense witnesses testified that Brock merely refused to go to the unit when ordered, and was therefore escorted to the new
 
 
 5
 location by the guard. In light of this conflicting testimony, the magistrate judge was forced to make a determination of credibility, and chose to believe the defendant. Issues of credibility are the province of the factfinder, and we will not disturb such findings on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989); Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975).
 
 
 6
 Brock asserts that the magistrate judge deprived him of due process by denying his motion for court-appointed counsel. Upon motion by any party, a district court is authorized to appoint counsel for an individual proceeding in forma pauperis in a civil suit. 28 U.S.C. Sec. 1915(d) (1988). However, such appointment is discretionary, and should be granted only upon a showing of "exceptional circumstances" by the movant. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir.1984); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.1975). The two factors to be considered by the judge are: 1) the complexity of the case, and 2) the ability of the movant to present the case. Whisenant, 739 F.2d at 163. This Court has held that "[i]f it is apparent ... that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Id. at 163 (quoting Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir.1978)). Denial of a Sec. 1915(d) motion for appointed counsel is reviewed for abuse of discretion. Whisenant, 739 F.2d at 163.
 
 
 7
 We find that the magistrate judge did not abuse his discretion in refusing to appoint counsel for Brock. As the judge noted, the legal issue in the case--whether Defendants exhibited deliberate indifference to Brock's safety--is clearly defined and relatively uncomplicated. Because the trial turned on straightforward factual determinations, the magistrate judge accurately found that the case was not of inordinate difficulty.
 
 
 8
 Brock's claim of inexperience in legal matters does not render his situation exceptional. Clearly, most pro se litigants will face difficulty in presenting a case at trial, because they lack the legal knowledge and education of a trained attorney. To be exceptional, a movant's limitations must be more severe, such as an inability to read or write effectively. See, e.g., Whisenant, 739 F.2d at 162-63. Although the magistrate judge made no particularized finding as to Brock's level of education, he noted that Brock's clarity of expression, both in his pleadings and at trial, belied his claim of exceptional need.
 
 
 9
 An examination of the record, including a review of the trial proceedings on audiotape, offers no evidence that the magistrate judge's findings as to the complexity of the case and Brock's legal abilities were clearly erroneous, or that the judge's denial of Brock's motions for appointed counsel based upon these factual findings amounted to an abuse of discretion.
 
 
 10
 Finally, Brock claims in his informal brief that the magistrate judge did not allow him adequate time to speak to a witness prior to trial. An audio recording of the trial reveals that Brock requested to speak to a deputy before questioning, and the magistrate judge granted his request for a forty-five minute continuance to do so. Brock made no further requests for time to interview his witnesses. Because the record reflects that the magistrate judge granted Brock's request to speak to his witness prior to Brock's examination of the witness at trial, we find no error.
 
 
 11
 We affirm the magistrate judge's order granting judgment in favor of the City of Richmond and Deputy Bibbs, and dismissing Brock's case. Because no substantial question is raised on this appeal, we deny Brock's motion for a transcript. 28 U.S.C. Sec. 753(f) (1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Pursuant to 28 U.S.C. Sec. 636(c)(3) (1988), Brock consented to trial on the merits before a magistrate judge