**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT


**No. 08-1041**


JAMES RENWICK MANSHIP, SR.,

              Plaintiff - Appellant,

        v.

RICHARD TRODDEN, Commonwealth Attorney; OFFICER TOOMEY,
Arlington Police; M. DOUGLAS SCOTT, Chief of Police; BETH
ARTHUR, Sheriff; WILLIAM NEWMAN, Judge; SERVANTS OF THE
CITIZENS OF ARLINGTON COUNTY; DAVID BRIAN NOLAN, Lawyer (not
licensed in Virginia); DAVID RICHARD PRESTIGE, Contractor;
JASON MCCANDLESS,

              Defendants - Appellees.


Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:07-cv-00772-TSE-TCB)


Submitted:  April 4, 2008          Decided:  April 15, 2008


Before TRAXLER and KING, Circuit Judges, and WILKINS, Senior
Circuit Judge.


Affirmed by unpublished per curiam opinion.


James Renwick Manship, Sr., Appellant Pro Se. Kathryn Anne Grace,
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, McLean, Virginia;
Ara Loris Tramblian, Deputy County Attorney, Arlington, Virginia;
C. Nicole Gilliam, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA,
Richmond, Virginia; Marc Edmund Miller, HOLLAND & KNIGHT,
Washington, D.C., for Appellees.

--------------------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Renwick Manship, Sr., appeals the district court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B) (2000) for failure to state a claim. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.* Manship v. Trodden, No. 1:07-cv-00772-TSE-TCB (E.D. Va. Oct. 22, 2007). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*Manship also complains that the district court did not specifically respond to his request for a court-appointed attorney. Although under 28 U.S.C. § 1915(e)(1) (2000), a court may request an attorney to represent an indigent party in a civil case, a court should do so only in exceptional circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The district court's determination that Manship did not present exceptional circumstances warranting appointment of counsel was implicit in the dismissal of his complaint.