991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fred SNEED, Plaintiff-Appellant,
v.
Danny JONES; Brook Thompson; Frank Crawford, Defendants-Appellees.
 No. 92-6184.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 23, 1992
Decided: April 12, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-89-927-2)
 Fred Sneed, Appellant Pro Se.
 John Hoblitzel, Geoffrey Haddad, Kay, Casto, Chaney, Love & Wise, Charleston, West Virginia, for Appellees.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William Frederick Sneed appeals from the district court's partial directed verdict for two of three Defendants, Danny Jones and Frank Crawford, and a jury verdict for the remaining Defendant, Brook Thompson, in this civil action for damages under 42 U.S.C. § 1983 (1988).*
 
 
 2
 Sneed, who was confined at West Virginia's Kanawha County Jail at all times relevant to his Complaint, raised multiple allegations primarily concerning the conditions of confinement at the jail. He also alleged that Thompson, a member of the Kanawha County Sheriff's Department, subjected him to cruel and unusual punishment while he was incarcerated at the jail. Discovery ensued, Sneed's request for appointment of counsel was denied, and the case proceeded to trial with the noted result.
 
 
 3
 Sneed now appeals, raising the following contentions: (1) he was denied trial witnesses and discovery, resulting in the dismissal of two Defendants for failure of proof; (2) the state failed to provide him with a guardian ad litem to protect his interests at trial; (3) a charge to the jury which stated that jurors could consider a witness's criminal history as relevant to credibility impermissibly prejudiced his case, because all of his witnesses were inmates; (4) privileged medical information was admitted at trial without his consent; (5) the trial court erroneously limited consideration of the incidents stated in his Complaint to only the most recent incidents; and (6) the trial court erred in admitting evidence of his past criminal history reflecting a prison escape, and failed to give him an opportunity to show that the escape was justified.
 
 
 4
 Sneed's claims are wholly without merit. The record reveals that, contrary to his assertions, he received substantial discovery and called several witnesses at trial, notwithstanding the fact that his requests for discovery and witnesses were partially late and otherwise failed to comport with pretrial orders. Sneed had no right to appointment of a guardian ad litem, and to the extent he intended by his second claim to challenge the district court's denial of his request for appointment of counsel, we find no abuse of discretion in that decision, given the unexceptional nature of this case. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984); Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The challenged jury instruction simply restated Fed. R. Evid. 609(a). The jury clearly had a right under Rule 609(a) to consider prior convictions of witnesses for impeachment purposes, and no undue prejudice is evident from this record.
 
 
 5
 With regard to admission of the allegedly privileged medical information, Sneed had no claimable privilege. No physician-patient privilege existed at common law, and no federal statute creates such a privilege. E.g., Hancock v. Dodson, 958 F.2d 1367 (6th Cir. 1992); United States v. Meagher, 531 F.2d 752 (5th Cir. 1976), cert. denied, 429 U.S. 853 (1976); see also Fed. R. Evid. 501. Furthermore, Sneed directly put his physical condition in issue by alleging physical abuse and improper medical treatment for that abuse.
 
 
 6
 Sneed's argument that the trial court impermissibly restricted consideration of his claims misstates the record. The court simply restricted consideration to those events occurring on or after July 31, 1987, because all other claims were barred by the applicable state statute of limitations. This was clearly appropriate. Burnett v. Grattan, 468 U.S. 42 (1984) (state statute of limitations governs § 1983 actions). Sneed's argument that the trial court erred by admitting evidence of his past criminal record reflecting a prison escape must likewise fail, for this evidence was essential to the Defendant's defense against Sneed's Eighth Amendment claim and was thus admissible under Fed. R. Evid. 609(a) and 403.
 
 
 7
 For all of these reasons, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *We construe this Notice of Appeal as an appeal from the district court's decisions regarding all of the Defendants, even though the Order of Judgment reflecting the directed verdicts as to Jones and Crawford was not entered until after the appeal was filed. Firstier Mortgage Co. v. Investors Mortgage Ins. Co., 59 U.S.L.W. 4070 (U.S. 1991); Fed. R. App. P. 4(a)(2).