**v.**

**WEST VALLEY CITY; V. Johnson, West Valley City Police Officer; Jones, West Valley City Police Officer; and Dennis Nordfelt, West Valley City Chief of Police, Defendants–Appellees.**

**No. 92–4210.**

United States Court of Appeals, Tenth Circuit.

June 2, 1994.

John P. Pace (Brian M. Barnard with him on the briefs), Utah Legal Clinic, Salt Lake City, UT, for plaintiff-appellant.

Andrew M. Morse (Allan L. Larson with him on the brief) of Snow, Christensen & Martineau, Salt Lake City, UT, for defendants-appellees.

Before HOLLOWAY and McKAY, Circuit Judges, and THEIS,* District Judge.

* Honorable Frank G. Theis, Senior United States District Judge for the District of Kansas, sitting by designation.

**990**

McKAY, Circuit Judge.

Plaintiff filed suit in federal district court against Defendants alleging constitutional and state law claims arising from Defendants' disclosure of Plaintiff's confidential medical information. The district court granted summary judgment to Defendants because it found that Plaintiff had not suffered an injury in fact, and thus, had no standing in this lawsuit. This court reviews the grant or denial of a motion for summary judgment by applying the "same standard employed by the trial court under Fed. R.Civ.P. 56(c)." *Ewing v. Amoco Oil Co.,* 823 F.2d 1432, 1437 (10th Cir.1987). Under Rule 56(c), summary judgment should be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, we review the disputed facts in the light most favorable to the party opposing the summary judgment motion—in this case, the Plaintiff. *Wier v. Anaconda Co.,* 773 F.2d 1073, 1079 (10th Cir.1985).

The facts as alleged by Plaintiff are as follows. On New Year's Eve in 1989, Plaintiff, his sister, and his two housemates entered the Valley Fair Mall in West Valley City, Utah. Shortly thereafter, Plaintiff was detained and arrested by Defendant Officers Johnson and Jones for passing a bad check at Jeans West, a retail store in the Valley Fair Mall. During a search incident to arrest at the retail store, Officer Johnson discovered a piece of paper in Plaintiff's wallet indicating that Plaintiff had tested positive for the human immunodeficiency virus ("HIV"), which causes acquired immune deficiency syndrome ("AIDS"). At the time of the arrest, Plaintiff believed himself to be HIV-positive. Later, at the West Valley City police station, Officer Johnson told Plaintiff's sister and his two housemates that Plaintiff had HIV or AIDS—information that was previously unknown to Plaintiff's sister and one of his housemates. At the time that Officer Johnson divulged this information, he had no evidence or reasonable suspicion that Plaintiff had engaged in sexual relations or intravenous drug use with his housemates or his sister. Also, shortly after arresting

Plaintiff, Officer Johnson told at least one witness at the Jeans West store that Plaintiff had HIV or AIDS. Officer Johnson had no reason to believe that Plaintiff and this witness had exchanged blood products or other bodily fluids. Finally, after Plaintiff was taken into custody, Officer Johnson informed Plaintiff's jailer that Plaintiff was HIV-positive, although Plaintiff had not engaged in any conduct that would have placed any person in the jail at risk.

Officer Johnson's divulgences severely damaged Plaintiff's personal life. His friends and family shunned him and refused to visit him in jail. His fellow prisoners and the prison guards subjected him to harassment and discriminatory treatment as a result of the AIDS label attached by Defendants. Plaintiff had to undergo treatment for depression while in jail because of the damage that the broadcasts caused to his familial relationships. He was particularly distraught because his relationship with his mother had suffered irreparable damage. Ironically, subsequent tests administered to Plaintiff while in jail revealed that Plaintiff was not currently and had never been infected with the HIV virus.

There is no dispute that confidential medical information is entitled to constitutional privacy protection. *See Lankford v. Medrano,* 27 F.3d 477 (10th Cir. 1994); *Mares v. ConAgra,* 971 F.2d 492, 496 (10th Cir.1992). The district court granted summary judgment to Defendants, however, because it felt that Plaintiff had not established a personal injury as a result of the unlawful disclosures. The district court's conclusion was compelled solely by the fact that the protected medical information at issue turned out to be false. The district court reasoned that the information could not be personal to Plaintiff but only to someone who actually has the HIV virus, and he therefore has no standing. We believe, however, that the actual validity of the HIV test results discovered in Plaintiff's wallet is entirely irrelevant to whether he has a reasonable expectation of privacy in the results, or whether he suffered an "injury in fact" as a result of the unlawful disclosures. Plaintiff alleged that at the time of his arrest he believed that he had the HIV virus.

Likewise, everyone involved believed that the information was correct, and treated him accordingly. The fact that the test results ultimately turned out to be false is simply immaterial to the question of whether Plaintiff sustained a personal injury as a result of the broadcasts. Plaintiff's allegations of direct psychological injury stemming from the damage the broadcasts caused to his relationships with his friends and family are more than sufficient to satisfy the "injury in fact" requirement for standing.

REVERSED and REMANDED.