**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM HUNT,

      Plaintiff-Appellant,

  v.

JOSEPH ORTIZ, Ex. Dir. Colo. Dep't
of Corr.; JOSEPH McGARRY, Chief
Med. Officer, Colorado D.O.C.;
GARY WATKINS, Warden, Limon
Corr. Facility; SHERRY JASPER,
Limon Corr. Facility Med. Staff; DON
BRIGHTWELL, Limon Corr. Facility
Librarian Supervisor; JIM DAY,
Major, Limon Corr. Facility Programs
Manager; CHRISTOPHER
PETROZZI, Dir. Limon Corr. Facility
Clinic Serv.; B. RAGLAND, Lt.,
Limon Corr. Facility Program
Coordinator; ANDREW BRELAND,
Regional Co. D.O.C. Librarian; R.
KAHANIC, Cap't., Limon Corr.
Facility Job Bd.; S. BUTLER, Lt.,
Limon Corr. Facility Job Bd.;
PHYLLIS WILSON, Limon Corr.
Facility Librarian, each in his or her
official and individual capacities,

      Defendants-Appellees.

No. 03-1419

(D. Colorado)

(D.C. No. 03-Z-971)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the

                                         (continued...)

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* Fed. R. App. 34(a)(2).

William Hunt, a state prisoner proceeding pro se, is incarcerated at the Limon Correctional Facility at Limon, Colorado. He filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. The district court dismissed two of his claims without prejudice for failure to exhaust administrative remedies, and the court dismissed the balance of his complaint with prejudice because the claims were frivolous. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

In his amended complaint, Mr. Hunt contends that on two occasions (October 10, and 17, 2002), he refused to allow Limon Correctional Facility authorities to draw blood to test him for HIV/AIDS. Mr. Hunt was "written up" for each refusal. Following the hearing for his first write-up, Mr. Hunt was

---

[*](...continued)
doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

convicted of violating disciplinary rules, received ten days' segregation, which was suspended, and was placed on probation for ninety days. Following his hearing for his second write-up, Mr. Hunt was convicted of violating disciplinary rules, and he received thirty days' segregation.

He raises four claims in his complaint: (1) his Fourth and Fourteenth Amendment rights were violated when he was subjected to the mandatory testing, and when defendants disclosed in the notice of disciplinary charges that he refused to provide a blood sample for AIDS testing; (2) his convictions of the disciplinary charges were unlawful retaliation against him for refusing to provide a blood sample; (3) his equal protection rights were violated because the administrative regulations requiring AIDS testing is not applied to any other inmates at the Limon Correctional Facility; and (4) he was unlawfully retaliated against for filing grievances regarding the involuntary AIDS testing, evidenced by his loss of his prison job and his denial of access to the law library.

The district court examined Mr. Hunt's first two claims on the merits and determined that our precedent indicates there is no Fourth Amendment violation when a prisoner is subjected to involuntary AIDS testing, citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). As a result, his constitutional rights were not violated when prison officials disclosed in the notice of disciplinary charges that Mr. Hunt was being tested for AIDS. The court also concluded that

-3-

"threatening an inmate with placement in segregation for refusing to participate in mandatory AIDS testing does not violate the Due Process Clause of the Fourteenth Amendment." Rec. doc. 11, at 7 (Dist. Ct. Order, filed Sept. 4, 2003). Finally, the court concluded that Mr. Hunt could establish no retaliation claim because "he does not have a constitutional right to refuse to provide a blood sample for mandatory AIDS testing." *Id.* at 8. The court dismissed claims (1) and (2) as legally frivolous under 28 U.S.C. § 1915A. *Id.* at 9.

Following dismissal, Mr. Hunt filed a motion to reconsider under Fed. R. Civ. P. 59(e), challenging the district court's dismissal of his claims (1) and (2) as legally frivolous. Mr. Hunt emphasized that prisoners have a right to privacy in their medical records, and this information should not be disclosed to non-medical personnel. The district court denied this motion after concluding Mr. Hunt could demonstrate no intervening change in controlling law, no new evidence, and no need to correct clear error or prevent manifest injustice.

The magistrate judge ordered Mr. Hunt to show cause why the balance of the complaint should not be dismissed for failure to exhaust administrative remedies. Mr. Hunt contends he exhausted his administrative remedies for the remaining claims. He maintains he filed grievances and appeals for each write up. He contends that the appeals were denied as untimely, which resulted from the late receipt of the appeal form from his case manager.

The district court closely examined the grievances Mr. Hunt filed and determined that he did not exhaust his administrative remedies regarding claims (3) and (4). The district court dismissed those claims without prejudice for failure to exhaust.

## II. DISCUSSION

We review de novo the district court's finding of failure to exhaust administrative remedies. *See Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2000) ("We review de novo a dismissal pursuant to section 1997e(a)."), *overruled on other grounds by Booth v. Churner,* 532 U.S. 731 (2001). We review the denial of Fed. R. Civ. P. 59(e) motion for an abuse of discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Since Mr. Hunt is pro se, we liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

### A. Dismissal for frivolousness

As to Mr. Hunt's Fourth and Fourteenth Amendment claims, he maintains that even if Colorado has a valid policy regarding screening for HIV, his refusal to allow the blood draw was disclosed to non-medical personnel, who then disclosed this information to inmates in his unit, resulting in constitutional

violations. Mr. Hunt alleges that the inmates and DOC staff assumed he is HIV positive and that he was shunned and suffered ridicule, harassment, and psychological injuries as a result. Mr. Hunt also points to DOC's strict regulations regarding the unauthorized disclosure of the "strictly confidential" reports and records concerning persons who are diagnosed with AIDS. *See* Rec. doc. 12, Mot. for Relief from Order of Judgment and Dismissal of Claims due to the Court's Findings that They are Legally Frivolous, Attach. "A" (AIDS Staff Briefing Form on Confidentiality) at 3 (Colo. Rev. Stat. § 25-4-1404 Use of Reports, commentary).

The refusal to take a medical test does not qualify as a confidential information, although we acknowledge that the unnecessary dissemination of such information may result uncalled for ridicule of an inmate. Taking Mr. Hunt's allegations as true, as we must, we hold that Mr. Hunt's contention that the disclosure of his refusal to take the HIV test is not frivolous, but that it does fail to state a claim under *Dunn*, 880 F.2d at 1196 ("In light of the seriousness of the disease and its transmissibility, we conclude that the prison has a substantial interest in pursuing a program to treat those infected with the disease and in taking steps to prevent further transmission. We further conclude that the prison's substantial interest outweighs plaintiff's expectation of privacy."). Although, "[t]here is no dispute that confidential medical information is entitled

to constitutional privacy protection," *A.L.A. v. West Valley City,* 26 F.3d 989, 990 (10th Cir. 1994), the disclosure of non-confidential information for the purposes of a disciplinary write-up does not meet this standard. However, we agree with the district court that Mr. Hunt's second claim, that his conviction through the disciplinary hearing for the refusal to take the test was retaliatory, is frivolous.

### B. Failure to exhaust

The district court dismissed Mr. Hunt's third and fourth claims for failure to exhaust. Pursuant to the Prison Litigation Reform Act of 1995, prisoners bringing suit under § 1983 must first exhaust available administrative remedies before seeking relief in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Full exhaustion of available remedies is required regardless of the nature of the relief sought. *Booth*, 532 U.S. at 741.

As the district court explained, the Limon Correctional Facility has a multi-tier approach to resolving inmate complaints. To exhaust available remedies at the facility, an inmate must (1) attempt to resolve matters informally and (2) complete the three-step formal grievance procedure. "The response at the third

and final step of the formal grievance process certifies that the grievance procedure has been exhausted." Rec. doc. 11, at 5.

Mr. Hunt does make scattered references to retaliation and the loss of his prison job in certain of his grievances, but there is no link between his job termination and his prior blood-testing grievances. Similarly, as to his denial of access to the law library claim, there is little if any link to the prior blood-testing grievances: he specifically mentions it in his Step III grievance, but there is no mention of it in his Step I or Step II grievance. Finally, as to the equal protection claim, the record supports the district court's conclusion that Mr. Hunt did not exhaust this claim. Thus, the district court correctly dismissed Mr. Hunt's third and fourth claims without prejudice.

## III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Hunt's complaint, albeit for slightly different reasons. We hold that Mr. Hunt failed to state a claim on count (1), he raised a frivolous claim on count (2), and he failed to exhaust the prison's administrative remedies on counts (3) and (4).

Entered for the Court,

Robert H. Henry
Circuit Judge