TYMKOVICH, Circuit Judge,
concurring in the judgment.
The questions presented by this case are whether the conduct of the assistant district attorney violated a Fourth Amendment right and, if so, whether that right was clearly established at the time of the search in question. We have previously held that persons have a due process right to the non-disclosure of personal medical information, see Herring v. Keenan, 218 *1104 F.3d 1171, 1175 (10th Cir.2000); F.E.R. v. Valdez, 58 F.3d 1530, 1535 (10th Cir.1995); A.L.A. v. West Valley City, 26 F.3d 989 (10th Cir.1994); Lankford v. City of Hobart, 27 F.3d 477, 479 (10th Cir.1994), and I believe that a search of a pharmacy for such information would implicate a legitimate expectation of privacy under our traditional Fourth Amendment jurisprudence. See United States v. Thomas, 372 F.3d 1173, 1176 (10th Cir.2004) (citing Minnesota v. Carter, 525 U.S. 83, 87-88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998)).
Finding a legitimate expectation of privacy under the Fourth Amendment, however, leads to another question: Was the search here reasonable and not in violation of the Fourth Amendment in light of New Mexico’s regulation of prescription drug vendors? This is a serious question about which other courts have reached varying conclusions in examining similar statutory schemes. Compare United States v. Nechy, 827 F.2d 1161, 1166 (7th Cir.1987) (upholding search of pharmacy not conducted pursuant to criminal warrant); United States v. Jamieson-McKames Pharm., Inc., 651 F.2d 532, 541-42 (8th Cir.1981) (upholding warrantless search of pharmaceutical business under closely regulated industry doctrine); United States ex rel. Terraciano v. Montanye, 493 F.2d 682 (2d Cir.1974) (upholding warrantless search of pharmacy for prescription drug records); Murphy v. State, 115 Wash.App. 297, 62 P.3d 533 (2003) (upholding war-rantless search of customer’s drug records); State v. Russo, 259 Conn. 436, 790 A.2d 1132 (2002) (same); State v. Welch, 160 Vt. 70, 624 A.2d 1105 (1992) (same), with Murphy v. Townsend, 187 F.3d 648, 1999 WL 439468 (9th Cir.1999) (unpublished opinion) (affirming denial of qualified immunity to defendants on summary judgment because factual dispute existed as to whether defendants conducted war-rantless search of customer’s pharmacy records with intent to engage in criminal investigation); United States v. Enserro, 401 F.Supp. 460 (W.D.N.Y.1975) (warrant-less search of pharmacy illegal).
As the majority correctly concludes, however, we need not definitively answer this question today. The officer who conducted the search is not a party to this appeal. We are only reviewing the conduct of the assistant district attorney who approved a motion that the officer took to the New Mexico magistrate; the magistrate, in turn, issued an order under state law. Assuming for purposes of this case that both the officer and the assistant district attorney violated Douglas’s Fourth Amendment rights, I agree that the district court appropriately found the assistant district attorney is entitled to qualified immunity. Douglas has failed to cite to any precedent holding a district attorney liable in similar circumstances under the Fourth Amendment where a court issued an order under state law. Accordingly, I agree we must affirm the district court’s grant of summary judgment.